**Dan TRIPPY et al., Plaintiffs,**

v.

**Tom SAMS, Defendant.**

**No. CIV–2–79–134.**

United States District Court,
E. D. Tennessee.

Aug. 8, 1980.

Philip P. Durand and W. P. Boone Dougherty, Knoxville, Tenn., for plaintiffs.

John F. Dugger, Morristown, Tenn., for defendant.

## MEMORANDUM OPINION

NEESE, District Judge.

This is an action by 8 American citizens who are former public employees against the sheriff of Hamblen County, Tennessee for depriving them, under color of Tennessee law, of their right to free speech (political belief and association), Constitution, First Amendment, by failing to rehire them when the term of the defendant as sheriff began on September 1, 1978 because of their earlier partisan political conduct. 42 U.S.C. § 1983. Trial was to the Court on July 24, 1980.

It is undisputed that each of the plaintiffs was a nonconfidential and non-policy-making public employee under a patronage system at the time he or she was not rehired by the defendant sheriff Mr. Tom Sams. If a plaintiff had been discharged by Sheriff Sams because of that plaintiff's political belief and association, such would be violative of his or her right under the Constitution, First Amendment. *Elrod v. Burns* (1976), 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547. The same is true if the reason Sheriff Sams failed to rehire a plaintiff was because of that plaintiff's beliefs and associations. *Branti v. Frankel* (1980), 445 U.S. 507, 513–14, 100 S.Ct. 1287, 1292–1293, 63 L.Ed.2d 574, 581.

The plaintiffs Messrs. Diamond and Collins and Ms. Phillips and Ms. Kyle made no showing that Sheriff Sams had failed to rehire them at the beginning of a new term of the sheriff of the county because of any political conduct on the part of any such plaintiff. The plaintiffs Messrs. Trippy, Harbin, Justis and Wright offered evidence that Sheriff Sams had said to, or concerning, each of them, in effect, that he had no reasons of a nature personal to that plaintiff not to rehire such plaintiff but he had "obligations" he was required to meet in deciding upon the personnel he would engage to assist him in his new term.

This evidence would have supported the reasonable inference that Sheriff Sams was implying by his statements that his political obligations rendered it feasible for him not to rehire those who opposed him for election and to hire only those who supported him in his political campaign. However, the plaintiffs presented Mr. Sams as an adverse witness, and he testified that the "obligations" to which he referred in his conversations with or concerning the immediately aforenamed plaintiffs referred to his obligations to the people of Hamblen County and those who elected him to provide them better law enforcement service with the best available personnel.

Mr. Sams stands unimpeached as a witness; his credibility is in no way attacked; the truth of his statements is not contradicted, although the theory of the immediately aforenamed plaintiffs' case is to the contrary. The Court would not be justified in disregarding Mr. Sams' explanation of the meaning of his statement, when it is not open to doubt from any reasonable point of view. Of course, Mr. Sams is a party to this lawsuit and interested in the outcome of it; but his testimony, not being contradicted by direct evidence or reasonable inferences flowing from direct evidence, not being opposed to the probabilities, and not in its nature being surprising or suspicious, there is no reason not to accept its conclusiveness. *Chesapeake & O. R. Co. v. Martin* (1931), 283 U.S. 209, 218, 51 S.Ct. 453, 456, 75 L.Ed. 983, 988.

That the plaintiffs were not rehired by Sheriff Sams in retaliation for their exercise of their right of political belief and association must have been proved before they are entitled to relief. This could only be inferred from the testimony, other than that of Mr. Sams, which they offered that Mr. Sams did not rehire them because of their political conduct in the election in which he was a candidate. Only Mr. Sams knows the reason he didn't rehire the plaintiffs.

■ The Court cannot make the inference the plaintiffs suggest in the face of the positive, unimpeached and otherwise uncontradicted testimony to the contrary of Mr. Sams, which is consistent with all the other facts proven and resulted in affirmative evidence that the fact the plaintiffs sought to be inferred did not exist. The rule is clear that, where the case of the plaintiffs " * * * is based upon an inference or inferences, * * * the case must fail upon proof of undisputed facts inconsistent with such inferences. * * * " *George v. Missouri P. R. Co.*, 213 Mo.App. 668, 251 S.W. 729, quoted in *Pennsylvania R. Co. v. Chamberlain* (1933), 288 U.S. 333, 341, 53 S.Ct. 391, 394, 77 L.Ed. 819, 824 (headnote 4).

■ In addition, the evidence showed that political party affiliation played no decisive role in whether Sheriff Sams rehired or did not rehire employees who had been hired by his predecessor in office. Mr. Sams is a Democrat, as is 1 of the plaintiffs; 3 of the plaintiffs are Republicans; 3 of the plaintiffs are independent of party affiliation; and, presently on the staff of Sheriff Sams, by his appointment, are Democrats, Republicans and those independent of party affiliation.*

None of the plaintiffs having met his or her initial burden of having shown that he or she engaged in conduct which was protected by the Constitution, First Amendment, and that such conduct was a substantial or motivating factor in the decision of the defendant not to rehire such plaintiff, *Mt. Healthy City Board of Ed. v. Doyle* (1977), 429 U.S. 274, 287, 97 S.Ct. 568, 576, 50 L.Ed.2d 471, 484[15], it is the decision of this Court that the plaintiffs hereby are DENIED all relief. Rule 58(1), Federal Rules of Civil Procedure. Theirs, however, was a viable claim subject to proof, and the attorney's fee of the defendant, as the prevailing party herein, 42 U.S.C. § 1988, will not be taxed as a part of the costs.

---

* Indeed, one appointee of Sheriff Sams is so very "independent" that he failed to appear as a witness for Sheriff Sams at the trial.